12 CIV 71

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

LYLA SMITH,

                       Plaintiff,

       -against-

CITY OF NEW YORK; Sergeant DAVID LEONARDI, Shield No. 4982; Sergeant JOSEPH CRUZADO, Shield No. 4330; Detective "John" Bier; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

RECEIVED SEP 21 2012 U.S.D.C. S.D.N.Y. CASHIERS

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Lyla Smith ("plaintiff" or "Ms. Smith") is a resident of Queens County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Sergeant David Leonardi, Shield No. 4982 ("Leonardi") and Sergeant Joseph Cruzado, Shield No. 4330 ("Cruzado"), at all times relevant herein, were officers, employees and agents of the NYPD. Defendants Leonardi and Cruzado are sued in their individual and official capacities.

9. Defendant "John" Bier ("Bier"), at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real first name and shield number of defendant Bier. Defendant Bier is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 4:00 p.m. on April 25, 2012, plaintiff voluntarily visited the 113th Precinct to learn more information about a police raid that took place earlier that day at her boyfriend's residence located at 110-03 164th Place, Queens, New York.

14. Plaintiff, who was visibly pregnant at the time, was neither present during the raid nor was she a resident of the apartment that was searched.

15. Upon entering the 113th precinct, plaintiff requested additional information about the raid and asked that her boyfriend's personal property be released to her.

16. After sitting in the waiting room for approximately two hours, defendants forced plaintiff into a room and interrogated her.

17. At no time did defendants apprise plaintiff of her 5th Amendment Miranda rights.

18. Specially, defendants threatened plaintiff telling her that if she did not answer all of their questions she would be sent to jail and have her baby while incarcerated.

19. Plaintiff asked if she was under arrest and the defendants responded, "No, not quite."

20. Since she was not under arrest and was thus free to leave, plaintiff got up on her own accord, left the interrogation room and sat in the waiting area once again.

21. Once in the waiting room, a defendant officer commenced to question plaintiff again asking her, "Do you have anything to say to defend yourself?"

22. Apparently angered that plaintiff refused to be illegal questioned, defendants, including defendant Bier, placed plaintiff under arrest and handcuffed her from behind excessively tightly.

23. Defendants then strip-searched plaintiff and detained her at the precinct.

24. Plaintiff repeatedly pleaded with the officers for food for herself and her unborn child, but was only provided M&Ms.

25. Despite the fact that she was visibly distressed and physically unwell from lack of food, *inter alia*, defendants did not provide medical treatment for plaintiff or her unborn child.

26. At the precinct the defendant officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of a controlled substance, drug paraphernalia and ammunition.

27. However, at no point did the officers observe plaintiff possess a controlled substance, drug paraphernalia and ammunition.

28. During the early morning hours of April 26, 2012, plaintiff was released from the police precinct with a Desk Appearance Ticket.

29. All criminal charges against plaintiff were subsequently adjourned in contemplation of dismissal.

30. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### False Arrest

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages.

## SECOND CLAIM
### First Amendment Retaliation

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of her right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying her right to speak freely by subjecting her to false arrest and excessive force to deter the exercise of her First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising her First Amendment rights.

36. As a consequence of the individual defendants' actions, plaintiff has suffered violations of her First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing her First Amendment-protected activities.

37. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional

injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## THIRD CLAIM
### Deliberate Indifference to Safety/Medical Needs

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

40. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unlawful Strip Search

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:    September 21, 2012
          New York, New York

_____
Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
rmarinelli@hmswlaw.com

*Attorney for plaintiff*